IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Joseph A. Dozier, | ) | Civil Action No. 0:15-4847-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the petitioner for habeas relief pursuant to 28 U.S.C. § 2254 be dismissed with prejudice for failure to prosecute. (Dkt. No. 42.)

After a January 31, 2005 jury trial, a Clarendon County jury convicted Petitioner Joseph Dozier of armed robbery and possession of a weapon during a violent crime. After post-conviction state court proceedings, Petitioner filed this *pro se* action seeking habeas relief pursuant to 28 U.S.C. § 2254 on December 2, 2015. (Dkt. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a Magistrate Judge. On March 23, 2016, Respondent filed a motion for summary judgment, along with a return and memorandum. (Dkt. Nos. 19, 20.) Respondent argues the petition is barred by the applicable statute of limitations. Since Petitioner proceeds *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (Dkt. No. 21.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately. On June 2, 2016, Petitioner moved for an extension of time in which to file a response. (Dkt. No. 23.) The Court granted that motion.

-1-

(Dkt. No. 24.) Shortly after the new deadline lapsed, Petitioner moved to amend the petition. (Dkt. No. 30.) The Court denied that motion without prejudice to refile if Respondent's statute of limitations defense was ultimately resolved in Petitioner's favor and extended the time to respond to the motion for summary judgment to July 18, 2016. (Dkt. No. 33.) Petitioner again filed for an extension on July 15, 2016. (Dkt. No. 36.) The Court granted that motion, setting a new deadline of August 22, 2016. (Dkt. No. 38.) On August 25, 2016, having received no response from Petitioner, the Magistrate Judge recommended that this this action be dismissed with prejudice for failure to prosecute. (Dkt. No. 42.) The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (*Id.*). The petitioner filed no objections and the time for doing so has expired. Petitioner has yet to respond to the motion for summary judgment, though it was filed nearly nine months ago.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

After a thorough review of the record of this matter, the applicable law, and the Report, the Court finds no clear error. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 42) as the Order of the Court, and **DISMISSES** the petition for

habeas relief (Dkt. No. 1) for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 12 of the Rules Governing § 2254 Cases.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

September 16, 2016
Charleston, South Carolina